IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
OCT 1 0 2006
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| HORACE ALEXANDER, (SPN #214418) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-06-2907 |
| OFFICER DUNCAN, et al., Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Horace Alexander, an inmate of the Harris County Jail, sued in August 2006, alleging civil rights violations resulting from an excessive use of force. Alexander, proceeding *pro se* and *in forma pauperis,* sues Officer Duncan; Officer Demart; the Mental Health Department; and Sheriff of the Harris County Jail.

The threshold issue is whether Alexander's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The court concludes that Alexander's claims are barred and should be dismissed for the reasons stated below.

### I.   Plaintiff's Allegations

On March 15, 2006, Officer Duncan broke Alexander's ribs. At the time, seven jailers had entered Alexander's cell and used excessive force against Alexander. The jailers did not charge him with a disciplinary case or videotape the incident.

Alexander states that he is a mental patient. Alexander complains that he is unable to contact people who could help him.

Alexander seeks $100,000 in damages; the termination of African-American employees at the Harris County Jail; and his file placed under seal.

## II. Analysis

A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Alexander's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing this action, he had at least three suits dismissed as frivolous. *Alexander v. 19th Judicial District Court*, 3:03-794 (M.D. La.)(dismissed as frivolous on December 2, 2003); *Alexander v. Biaimonte*, 3:00-915 (M.D. La)(dismissed as frivolous on March 13, 2001); and *Alexander v. Troyer*, 2:95-1126 (E.D. La.)(dismissed as frivolous on July 31, 1995).

In the present case, Alexander has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Alexander is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in

this action.

## III. Conclusion

Alexander's constructive motion to proceed as a pauper, (Docket Entry No. 1), is DENIED. The complaint filed by Horace Alexander, (SPN #214418), is DISMISSED under 28 U.S.C. § 1915(g).[1] **All pending motions are DENIED.** Alexander is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk is directed to provide a copy to the parties; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker, or via E-mail at Betty_Parker/TXED/05/USCOURTS.

SIGNED at Houston, Texas, on \_\_\_\_Oct 5\_\_\_\_, 2006.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] In *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissing all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decides to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.